UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONTEZ LOVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01118-JMS-DKL |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Dontez Love filed this habeas action to vindicate his belief that a prison disciplinary proceeding identified as No. IYC 14-12-201 is tainted with constitutional infirmities. As explained below, however, Love has failed to establish such infirmities and his petition for writ of habeas corpus will therefore be denied.

In a setting such as presented by Love, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The pleadings and the expanded record in this case show that on Love is an Indiana prisoner who on December 17, 2014 was charged with the offense of aiding in the possession of a cellular device. The conduct report recites that during the morning of December 17, 2014 inmate Darmon Graves had been directed to hand the reporting officer the jumpsuit Graves was holding and that instead of doing so Graves turned away and handed the jumpsuit to Love, who began to walk away and threw the jumpsuit on a bunk while being pursued. The jumpsuit was retrieved and revealed a cell phone when it was searched. Love was notified of the charge and of his procedural rights in connection with the matter on January 6, 2015. A hearing was held on January 18, 2015. Love was present at the hearing and made a statement concerning the charge. The hearing officer considered Love's statement and the other evidence, including Graves' statement, and found Love guilty of the charged misconduct. The sanctions imposed included a loss of earned good time. The expanded record shows that the evidence was sufficient based on Love's undisputed possession of the jumpsuit and the cell phone having been inside the jumpsuit, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), and that the procedural protections required by *Hill* were provided. This means that (1) Love was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued sufficient statements of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Love to the relief he seeks. The expanded record refutes Love's arguments that he was denied the protections afforded by *Wolff* and *Hill.* Accordingly, his petition for writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

Date: <u>April 11, 2016</u>

                                              Hon. Jane Magnus-Stinson, Judge
                                              United States District Court
                                              Southern District of Indiana

Distribution:

Electronically Registered Counsel

DONTEZ LOVE
166548
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391